JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8258 PA (RZx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | J.T. Wimsatt Contracting Co., Inc. v. ESIS, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

      Before this Court is a Notice of Removal filed by defendants Mammoth Hillside Development Company, LLC, Intrawest, ULC and Intrawest U.S. Holdings, Inc. (collectively "Defendants") on November 1, 2010. (Docket No. 1.) Defendant ESIS, Inc. filed a joinder in the Notice of Removal on November 5, 2010. (Docket No. 9.) Defendants assert that federal jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

      In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. Unlike the citizenship of a natural person, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8258 PA (RZx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | J.T. Wimsatt Contracting Co., Inc. v. ESIS, Inc., et al. | | |

of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

Here, Defendants allege in their Notice of Removal that defendant Mammoth Hillside Development Company, LLC "is and was at the time of filing of this action a Delaware limited liability corporation with its principal place of business in Colorado." (Notice of Removal, ¶ 9.) However, these allegations are not sufficient to establish the citizenship of Mammoth Hillside Development because it is an LLC, rather than a corporation. In order to establish Mammoth Hillside Development's citizenship for removal jurisdiction, Defendants were required to allege the citizenship of each of Mammoth's members. They have failed to do so.

Defendants have also failed to show that the amount in controversy exceeds $75,000. When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint does not allege a specific amount in controversy. However, Defendants claim that "the amount in controversy in this action is clearly in excess of $75,000" because Plaintiff is seeking to recover attorney's fees incurred in connection with its defense against two cross-complaints, and the cross-complaints allegedly claim a total of $24,000,000 in damages against Plaintiff. (Notice of Removal, ¶ 14.) These conclusory allegations are not sufficient to prove that the amount in controversy meets the jurisdictional threshold. First, it is unclear how the amounts sought in the cross-complaints have any bearing on the amount of attorney's fees that Plaintiff is seeking. Second, even if there was some connection between the amounts claimed in the cross-complaints and the amount Plaintiff is seeking in attorney's fees, Defendants have not submitted any evidence to show that the claims in fact total $24,000,000. Mere allegations are not sufficient to met the preponderance of evidence standard. Accordingly, the Court concludes that Defendants have failed to meet their burden.

Because the Notice of Removal does not contain sufficient allegations concerning either citizenship or the amount in controversy, Defendants have not met their burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly, this Court remands this action to Los Angeles County Superior Court, Case No. BC446569, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8258 PA (RZx) | Date | November 10, 2010 |
|---|---|---|---|
| Title | J.T. Wimsatt Contracting Co., Inc. v. ESIS, Inc., et al. | | |

IT IS SO ORDERED.



**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive and
Clerk of Court

Re:  Case Number: _____

Previously Superior Court Case No. _____

Case Name: _____

Dear Sir / Madam:

    Pursuant to this Court's ORDER OF REMAND issued on _____, the above-referenced case is hereby remanded to your jurisdiction.

    Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

    Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to our office. Thank you for your cooperation.

Respectfully,

Clerk, U. S. District Court

By: _____
    Deputy Clerk

☐ Western   ☐ Eastern   ☐ Southern Division

cc: Counsel of record

============================================================

Receipt is acknowledged of the documents described herein.

Clerk, Superior Court

_____    By: _____
Date                                                 Deputy Clerk